1  Gary A. Hamblet, State Bar No. 90250
   *ghamblet@mpplaw.com*
2  Kevin M. Pollack. State Bar No. 272786
   *kpollack@mpplaw.com*
3  MORRIS POLICH & PURDY LLP
   1055 West Seventh Street, 24th Floor
4  Los Angeles, CA 90017
   Telephone:  (213) 891-9100
5  Facsimile:   (213) 488-1178

6  Attorneys for Plaintiff-in-Intervention
   David Ramocinski
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ASSOCIATION OF CALIFORNIA            **Case No. 8:11-CV-01124-CJC-**
    WATER AGENCIES JOINT                 **(RNBx)**
12  POWERS INSURANCE
    AUTHORITY, a California Public
13  Agencies Joint Powers Authority;
    YORBA LINDA WATER                    **JOINT (AGREED)**
14  DISTRICT, a California Public Water
    District,                            **JURY INSTRUCTIONS**
15
               Plaintiffs,               **(DRAFT FOR DISCUSSION ONLY)**
16                                                **06/20/14**
    vs.
17
    THE INSURANCE COMPANY OF
18  THE STATE OF PENNSYLVANIA;           **Pre-Trial Conf.:  June 30, 2014**
    LEXINGTON INSURANCE                  **Time              3:00 P.M.**
19  COMPANY, and DOES 1 TO 100,          **Dept.:            9B**
    Inclusive
20             Defendants.               **Complaint Filed:  June 27, 2011**
                                         **Trial Date:       July 29, 2014**
21
    ─────────────────────────────
22  AND RELATED ACTIONS.

23
        Plaintiffs-In-Intervention  ("PLAINTIFFS")  and  Defendant,  EVEREST
24
    NATIONAL  INSURANCE  COMPANY  ("EVEREST")  tentatively  submit  their
25
    Joint (Agreed) Jury Instructions as requested by the Court.  All parties hereby
26
    reserve the right to withdraw their agreement to these jury instruction based on
27
    subsequent  rulings  by  the  Court  and  other  developments,  including  the  final
28
    language to be utilized in the instructions:

                                        1

## INDEX TO JOINT JURY INSTRUCTIONS

| | | |
|---|---|---|
| 1.1C | Duty of the Jury (Modified) | (9th Cir. Model) |
| 1.2 | Claims and Defenses | (9th Cir. Model) |
| 1.3 | Burden of Proof | (9th Cir. Model) |
| 1.6 | What is Evidence | (9th Cir. Model) |
| 1.7 | What is Not Evidence  (Modified) | (9th Cir. Model) |
| 1.8 | Evidence for a Limited Purpose | (9th Cir. Model) |
| 1.9 | Direct and Circumstantial Evidence | (9th Cir. Model) |
| 1.10 | Ruling on Objections | (9th Cir. Model) |
| 1.11 | Credibility of Witnesses | (9th Cir. Model) |
| 1.12 | Conduct of the Jury  (Modified) | (9th Cir. Model) |
| 1.13 | No transcript Available to Jury | (9th Cir. Model) |
| 1.14 | Taking Notes | (9th Cir. Model) |
| 1.18 | Bench Conferences | (9th Cir. Model) |
| 1.19 | Outline of Trial  (Modified) | (9th Cir. Model) |
| 2.2 | Stipulations of Fact | (9th Cir. Model) |
| 2.3 | Judicial Notice | (9th Cir. Model) |
| 2.4 | Depositions in Lieu of Live Testimony | (9th Cir. Model) |
| 2.8 | Impeachment Evidence – Witness | (9th Cir. Model) |
| 2.10 | Use of Interrogatories | (9th Cir. Model) |
| 2.11 | Expert Opinion | (9th Cir. Model) |
| 2.12 | Charts/Summaries Not in Evidence | (9th Cir. Model) |
| 2.13 | Charts/Summaries in Evidence | |
| 2.14 | Evidence in Electronic Format | (9th Cir. Model) |
| 4.1 | Corporations – Fair Treatment | (9th Cir. Model) |
| 303 | Breach of Contract – Essential Elements | (CACI) |

| 314 | **Interpretation – Disputed Term** | **(CACI)** |
| 315 | **Interpretation – Ordinary Words** | **(CACI)** |
| 316 | **Interpretation – Technical Words** | **(CACI)** |
| 317 | **Interpretation – Construction as a Whole** | **(CACI)** |
| 318 | **Interpretation – Construction by Conduct** | **(CACI)** |
| 355 | **Obligation to Pay Money** | **(CACI)** |
| 2300 | **Breach of Contractual Duty to Pay** | **(CACI)** |
| | | |
| C.92 | **Assignee** | **(Cal Form MB300C.92)** |
| | | |
| 102:73 | **Judge's Comments on Evidence** | **(Fed Jury Prac)** |
| | | |
| 3.1 | **Duty to Deliberate** | **(9th Cir. Model)** |
| 3.1A | **Consideration of Evidence** | **(9th Cir. Model)** |
| 3.2 | **Communications with Court** | |
| 3.2A | **Readback or Playback** | |
| 3.3 | **Return of Verdict** | **(9th Cir. Model)** |
| 5012 | **Introduction to Special Verdict** | **(CACI- Modified)** |

Dated:  June 23, 2014                    **MORRIS POLICH & PURDY LLP**


By:   */s/ Gary A. Hamblet*
          Gary A. Hamblet
          Kevin M. Pollack
     Attorneys for Plaintiff-in-Intervention
     DAVID RAMOCINSKI

### 1.1C   DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.   To those facts you will apply the law as I give it to you.   You must follow the law as I give it to you whether you agree with it or not.   And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.   That means that you must decide the case solely on the evidence before you.   You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

### Comment

Instruction 1.1C should be used with the written final set of the instructions to be sent to the jury.   Bracketed material should be selected to cover whether single or multiple sets of written instructions are provided.

### 1.2  CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that [*plaintiff's claims*].  The plaintiff has the burden of proving these claims.

The defendant denies those claims [and also contends that [*defendant's counterclaims and/or affirmative defenses*]].  [The defendant has the burden of proof on these [*counterclaims and/or affirmative defenses.*]]

[The plaintiff denies [*defendant's counterclaims and/or affirmative defenses*].]

### 1.3  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### Comment

This instruction may not apply to cases based on state law.

30

### 1.6  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

### 1.7   WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) If a lawyer is testifying as a witness in this matter, his or her testimony is evidence and should be weighed the same as testimony from any other witness.   Otherwise, what a lawyer argues or says in this case, including in opening statements and closing arguments, is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.   In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### Comment

With regard to the bracketed material in paragraph 3, select the appropriate bracket depending on whether the instruction is given at the beginning or at the end of the case.   *See also* Instruction 1.6 (What Is Evidence).

## 1.8  EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.]

### Comment

As a rule, limiting instructions need only be given when requested and need not be given *sua sponte* by the court.  *United States v. McLennan*, 563 F.2d 943, 947–48 (9th Cir.1977), *cert. denied*, 435 U.S. 969 (1978).

*See United States v. Marsh*, 144 F.3d 1229, 1238 (9th Cir.) (when the trial court fails to instruct the jury in its final instructions regarding the receipt of evidence for a limited purpose, the Ninth Circuit examines the trial court's preliminary instructions to determine if the court instructed the jury on this issue), *cert. denied*, 525 U.S. 973 (1998).

*See also* Instructions 1.7 (What is Not Evidence) and 2.8 (Impeachment Evidence—Witness).

## 1.9  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

### Comment

It may be helpful to include an illustrative example in the instruction:

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## 1.10  RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## 1.11  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## 1.12   CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.   Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.   This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.   Do not tweet about this case.   Do not post about this case on your Facebook.   This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.   But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:   do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

Do not do any research or investigate any of the parties or their attorneys.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.   A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].   If any juror is exposed to any outside information, please notify the court immediately.

I have instructed the lawyers, if they encounter any of you in the hallway, elevator, or any other place, to not communicate with you in any way.   Please do not think they are rude if they ignore you.   They are following my instructions.

## Comment

This instruction has been updated specifically to instruct jurors against accessing electronic sources of information and communicating electronically about the case, as well as to inform jurors of the potential consequences if a juror violates this instruction.   An abbreviated instruction should be repeated before the first recess, and as needed before other recesses.

The practice in federal court of instructing jurors not to discuss the case until deliberations is widespread.   *See, e.g., United States v. Pino-Noriega*, 189 F.3d 1089, 1096 (9th Cir. 1999).

State court practice in some jurisdictions does allow discussion.

If the court decides to allow discussion, the third sentence of the fourth paragraph of the instruction should be modified accordingly and the following language may be included:

You may discuss with fellow jurors the testimony as it is presented, provided that all jurors are present for the discussion.   You are to keep an open mind throughout the case until you have fully deliberated.

## 1.13  NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

### Comment

The practice of discouraging readbacks of testimony has been criticized in *United States v. Damsky*, 740 F.2d 134, 138 (2d Cir.1984).  *See also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 5.1.C (2013).

The court may wish to repeat this instruction in the instructions at the end of the trial.

### 1.14  TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

### Comment

It is well settled in this circuit that the trial judge has discretion to allow jurors to take notes. *United States v. Baker*, 10 F.3d 1374, 1403 (9th Cir.1993), *cert. denied*, 513 U.S. 934 (1994).  *See also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 3.4 (2013).

## 1.18  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess.  Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

### 1.19   OUTLINE OF TRIAL

Trials proceed in the following way:   First, each side may make an opening statement. An opening statement is not evidence.   It is simply an outline to help you understand what that party expects the evidence will show.   A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine. Sometimes evidence may be, with my approval, presented out of order.   That may be to accommodate the witnesses or simply to be more efficient.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## 2.2   STIPULATIONS OF FACT

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you]. You should therefore treat these facts as having been proved.

### Comment

When parties enter into stipulations as to material facts, those facts will be deemed to have been conclusively proved, and the jury may be so instructed.   *United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir.1999) (citing *United States v. Houston*, 547 F.2d 104, 107 (9th Cir.1976)), *amended by* 180 F.3d 1091 (9th Cir.1999).

## 2.3  JUDICIAL NOTICE

The court has decided to accept as proved the fact that [*state fact*], even though no evidence has been introduced on the subject.  You must accept this fact as true.

### Comment

An instruction regarding judicial notice should be given at the time notice is taken.  In civil cases, Fed. R. Evid. 201(g) permits the judge to determine that a fact is sufficiently undisputed to be judicially noticed and requires that the jury be instructed that it is required to accept that fact.  *But see United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir.1994) (in a criminal case, "the trial court must instruct 'the jury that it may, but is not required to, accept as conclusive any fact judicially noticed.'") (citing Fed. R. Evid. 201(g)); NINTH CIRCUIT MODEL CRIMINAL JURY INSTRUCTION 2.5 (2003) (Judicial Notice).

## 2.4  DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*witness*] was taken on [*date*].  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

### Comment

This instruction should be used only when testimony by deposition is used in lieu of live testimony.  The committee recommends that it be given immediately before a deposition is to be read. It need not be repeated if more than one deposition is read. If the judge prefers to include the instruction as a part of his or her instructions before evidence, it should be modified appropriately.

## 2.8   IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

### Comment

If this instruction is given during the trial, the committee recommends giving the second sentence in numbered paragraph 3 of Instruction 1.7 (What Is Not Evidence) with the concluding instructions. *See also* Instruction 1.8 (Evidence for Limited Purpose).

## 2.10  USE OF INTERROGATORIES OF A PARTY

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

### Comment

Use this oral instruction before interrogatories and answers are read to the jury; it may also be included in the concluding written instructions to the jury.  The attorney should warn the judge ahead of time and give the judge an opportunity to give this oral instruction.  This oral instruction is not appropriate if answers to interrogatories are being used for impeachment only.

Do not use this instruction for requests for admission under Fed. R. Civ. P. 36.  The effect of requests for admission under the rule is not the same as the introduction of evidence through interrogatories.  If an instruction is needed, a special one will have to be drafted.

### 2.11  EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

### Comment

*See* Fed. R. Evid. 602, 701–05.

## 2.12  CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

### Comment

This instruction applies only where the charts and summaries are not received into evidence and are used for demonstrative purposes.  *See* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 3.10.A (2013).

## 2.13  CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries [may be] [have been] received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

### Comment

See *United States v. Johnson*, 594 F.2d 1253, 1254-55 (9th Cir.1979) (error to permit the introduction of a summary of evidence without the establishment of a foundation for the evidence).  *See also* Fed. R. Evid. 1006. *See also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 3.10.A(1) (2013).  This instruction may be unnecessary if there is no dispute as to the accuracy of the chart or summary.

## 2.14  EVIDENCE IN ELECTRONIC FORMAT

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room [with [the clerk] [the bailiff] [me] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.]  When the court technician or a non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

### Comment

This instruction is premised on the assumption that the parties have stipulated in writing to the availability of electronic display devices in the jury room and to the procedures set forth in the instruction.  The stipulation should be subject to approval by the judge and entered as an order.  It should contain the following provisions:

1.    The parties agree to an allocation of the costs of providing the necessary equipment, including the computer, hard drive, projector, cable, printer, monitor and other accessories.

64

2.    The parties jointly will arrange to load images of the admitted exhibits onto a hard drive in "PDF" format. (This format is meant to assure maximum security.) They shall assure that the hard drive contains only such items and nothing else.

3.    The parties jointly will compile a document entitled "Admitted Exhibit List" that consists of all trial exhibits actually received into evidence, listed in numerical order and containing the date (where available) and a brief description of the exhibit. The Admitted Exhibit List should be text searchable. (In complicated or document-laden cases, it would be advisable for the parties to prepare a second exhibit list that would contain the same information, except that the exhibits would be listed in chronological order. That second list would be made available to the jury in "hard copy," not electronic form.)

4.    Before the jury retires to deliberate, the parties will review the notebook computer, the exhibit list interface and the images of the exhibits, to assure their accuracy. Unless a party objects before the jury retires to deliberate, that party will waive all objections to the materials and equipment submitted to the jury.

5.    The parties shall maintain at the courthouse a backup notebook computer and a backup hard drive with images and data identical to what was loaded onto the hard drive sent into the jury room.

6.    [During the "tutorial" that the technician provides in the jury room and on any later occasion that a technician enters the jury room to address a technical problem or matter, the judge will be present and the court reporter will record what is said.]

Paragraph 6 of the recommended stipulation is bracketed because if the jury encounters a technical problem after it has begun to deliberate, a variety of potentially difficult issues can arise. Inevitably, the technician will require and receive information from one or more jurors about the difficulty the jury is encountering. In many instances, the court technician will need to re-enter the jury room in order to address the problem. It is conceivable that the technician will be exposed to evidence that the jury was attempting to view or at least to the exhibit number(s) of such evidence. If the jurors themselves had developed charts, summaries, vote tallies or other indicia of their deliberations, or if they had written summaries of their findings thus far, the technician might be exposed to that information. (E.g., such matters could have been placed on a blackboard or in summaries strewn about the jury table.) If the judge and court reporter enter the jury room they, too, could be exposed to aspects of the jury's deliberations that are not supposed to be revealed. The committee therefore suggests that in the event that a non-juror might be required to enter the jury room to deal with a technical problem, the judge should *sua sponte* raise these and related issues with counsel, before authorizing such entry. Among the factors that the judge and counsel should discuss are the following.

65

(a)    Can the technical problem be addressed without entry into the room; e.g., by removing the equipment for examination outside the presence of jurors?

(b)    Can the technical problem be addressed without any information from the jury other than an innocuous statement to the effect that (for example) "the printer isn't working"?

(c)    Can the risk of even inadvertent disclosure of the jury's deliberations be eliminated by instructing the jury to cover any charts and to remove or conceal any papers, etc.?

(d)    Should the technician, bailiff or clerk be sworn in, with an oath that requires them not to disclose whatever they see or hear in the jury room, except for the nature of the technical problem and whether the problem has been fixed?

Whether or not these or other appropriate precautions to minimize or eliminate the risk of disclosure are taken, the judge may consider giving the jury this instruction:

> You have informed me that there is a technical problem that has interfered with your ability to review evidence electronically. I will send a technician into the jury room to deal with the problem. Please do not allow any materials reflecting any aspect of your deliberations to be visible during the technician's presence.

Finally, if Instruction 2.14 is given in a criminal case, the judge should not permit any tape-recorded conversation or evidence to be included in the electronic evidence loaded onto the hard drive that contains the PDF files, because under Fed. R. Crim. P. 43, the defendant has a right to be present at the replaying of a tape. *United States v. Felix-Rodriguez*, 22 F.3d 964, 966-67 (9th Cir.1994).

## 4.1   CORPORATIONS—FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

## 303. Breach of Contract—Essential Factual Elements

To recover damages from [*name of defendant*] for breach of contract, [*name of plaintiff*] must prove all of the following:

1. That [*name of plaintiff*] and [*name of defendant*] entered into a contract;

[2. That [*name of plaintiff*] did all, or substantially all, of the significant things that the contract required [him/her/it] to do[, or that [he/she/it] was excused from doing those things];]

[3. That all conditions required by the contract for [*name of defendant*]'s performance [had occurred/ [or] were excused];]

[4. That [*name of defendant*] failed to do something that the contract required [him/her/it] to do; and]

[*or*]

[4. That [*name of defendant*] did something that the contract prohibited [him/her/it] from doing; and]

5. That [*name of plaintiff*] was harmed by that failure.

*New September 2003; Revised April 2004, June 2006, December 2010, June 2011, June 2013*

### Directions for Use

Read this instruction in conjunction with CACI No. 300, *Breach of Contract—Introduction.*

Element 2 may be needed if there is an issue of performance of the plaintiff's obligations under the contract. Not every breach of contract by the plaintiff will relieve the defendant of the obligation to perform. The breach must be *material*; element 2 captures materiality by requiring that the plaintiff have done the significant things that the contract required. Also, the two obligations must be *dependent*, meaning that the parties specifically bargained that the failure to perform the one relieves the obligation to perform the other. While materiality is generally a question of fact, whether covenants are dependent or independent is a matter of construing the agreement. (*Brown v. Grimes* (2011) 192 Cal.App.4th 265, 277–279 [120 Cal.Rptr.3d 893].) If there is no extrinsic evidence in aid of construction, the question is one of law for the court. (*Verdier v. Verdier* (1955) 133 Cal.App.2d 325, 333 [284 P.2d 94].) Therefore, element 2 should not be given unless the court has determined that dependent obligations are involved. If parol evidence is required and a dispute of facts is presented, additional instructions on the disputed facts will be necessary. (See *City of Hope National Medical Center v. Genentech, Inc.* (2008) 43 Cal.4th 375, 395 [75 Cal.Rptr.3d 333, 181 P.3d 142].)

91

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use.

CACI No. 303                                              CONTRACTS

Element 3 is needed if conditions for performance are at issue. For reasons that the occurrence of a condition may have been excused, see the Restatement Second of Contracts, section 225, Comment b. See also CACI No. 321, *Existence of Condition Precedent Disputed*, CACI No. 322, *Occurrence of Agreed Condition Precedent*, and CACI No. 323, *Waiver of Condition Precedent*.

Equitable remedies are also available for breach. "As a general proposition, '[t]he jury trial is a matter of right in a civil action at law, but not in equity. [Citations.]' " (*C & K Engineering Contractors v. Amber Steel Co., Inc.* (1978) 23 Cal.3d 1, 8 [151 Cal.Rptr. 323, 587 P.2d 1136]; *Selby Constructors v. McCarthy* (1979) 91 Cal.App.3d 517, 524 [154 Cal.Rptr. 164].) However, juries may render advisory verdicts on these issues. (*Raedeke v. Gibraltar Savings & Loan Assn.* (1974) 10 Cal.3d 665, 670–671 [111 Cal.Rptr. 693, 517 P.2d 1157].)

## Sources and Authority

- Civil Code section 1549 provides: "A contract is an agreement to do or not to do a certain thing." Courts have defined the term as follows: "A contract is a voluntary and lawful agreement, by competent parties, for a good consideration, to do or not to do a specified thing." (*Robinson v. Magee* (1858) 9 Cal. 81, 83.)

- "A statement of a cause of action for breach of contract requires a pleading of (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages to plaintiff therefrom." (*Acoustics, Inc. v. Trepte Construction Co.* (1971) 14 Cal.App.3d 887, 913 [92 Cal.Rptr. 723].)

- "Implicit in the element of damage is that the defendant's breach *caused* the plaintiff's damage." (*Troyk v. Farmers Group, Inc.* (2009) 171 Cal.App.4th 1305, 1352 [90 Cal.Rptr.3d 589], original italics.)

- "It is elementary a plaintiff suing for breach of contract must prove it has performed all conditions on its part or that it was excused from performance. Similarly, where defendant's duty to perform under the contract is conditioned on the happening of some event, the plaintiff must prove the event transpired." (*Consolidated World Investments, Inc., v. Lido Preferred Ltd.* (1992) 9 Cal.App.4th 373, 380 [11 Cal.Rptr.2d 524], internal citation omitted.)

- "When a party's failure to perform a contractual obligation constitutes a material breach of the contract, the other party may be discharged from its duty to perform under the contract. Normally the question of whether a breach of an obligation is a material breach, so as to excuse performance by the other party, is a question of fact. Whether a partial breach of a contract is material depends on 'the importance or seriousness thereof and the probability of the injured party getting substantial performance.' 'A material breach of one aspect of a contract generally constitutes a material breach of the whole contract.' " (*Brown, supra*, 192 Cal.App.4th at pp. 277–278, internal citations omitted.)

- "Whether breach of the agreement not to molest bars [plaintiff]'s recovery of agreed support payments raises the question whether the two covenants are dependent or independent. If the covenants are independent, breach of one does

This version provided by LexisNexis® Matthew Bender®, Official Publisher. 800-533-1637.
www.lexisnexis.com/bookstore, for public and internal court use.

not excuse performance of the other. (*Verdier, supra,* 133 Cal.App.2d at p. 334.)

- "The determination of whether a promise is an independent covenant, so that breach of that promise by one party does not excuse performance by the other party, is based on the intention of the parties as deduced from the agreement. The trial court relied upon parol evidence to determine the content and interpretation of the fee-sharing agreement between the parties. Accordingly, that determination is a question of fact that must be upheld if based on substantial evidence." (*Brown, supra,* 192 Cal.App.4th at p. 279, internal citation omitted.)

- "The wrongful, i.e., the unjustified or unexcused, failure to perform a contract is a *breach.* Where the nonperformance is legally justified, or excused, there may be a failure of consideration, but not a breach." (1 Witkin, Summary of California Law (10th ed. 2005) Contracts, § 847, original italics, internal citations omitted.) "Ordinarily, a breach is the result of an intentional act, but *negligent performance* may also constitute a breach, giving rise to alternative contract and tort actions." (*Ibid.,* original italics.)

## Secondary Sources

1 Witkin, Summary of California Law (10th ed. 2005) Contracts, § 847

13 California Forms of Pleading and Practice, Ch. 140, *Contracts,* § 140.50 (Matthew Bender)

5 California Points and Authorities, Ch. 50, *Contracts,* § 50.10 et seq. (Matthew Bender)

2 Matthew Bender Practice Guide: California Contract Litigation, Ch. 22, *Suing or Defending Action for Breach of Contract,* 22.03–22.50

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use.

## 314. Interpretation—Disputed Term

---

[*Name of plaintiff*] **and** [*name of defendant*] **dispute the meaning of the
following term contained in their contract:** [*insert text of term*].

[*Name of plaintiff*] **claims that the term means** [*insert plaintiff's
interpretation of the term*]. [*Name of defendant*] **claims that the term
means** [*insert defendant's interpretation of the term*]. [*Name of plaintiff*]
**must prove that [his/her/its] interpretation of the term is correct.**

**In deciding what the terms of a contract mean, you must decide what
the parties intended at the time the contract was created. You may
consider the usual and ordinary meaning of the language used in the
contract as well as the circumstances surrounding the making of the
contract.**

**[The following instructions may also help you interpret the terms of the
contract:]**

---

*New September 2003*

### Directions for Use

Read any of the following instructions (as appropriate) on tools for interpretation
(CACI Nos. 315 through 320) after reading the last bracketed sentence.

### Sources and Authority

- Section 200 of the Restatement Second of Contracts provides: "Interpretation of
  a promise or agreement or a term thereof is the ascertainment of its meaning."

- Civil Code section 1636 provides: "A contract must be so interpreted as to give
  effect to the mutual intention of the parties as it existed at the time of
  contracting, so far as the same is ascertainable and lawful."

- Civil Code section 1647 provides: "A contract may be explained by reference to
  the circumstances under which it was made, and the matter to which it relates."

- "Juries are not prohibited from interpreting contracts. Interpretation of a written
  instrument becomes solely a judicial function only when it is based on the
  words of the instrument alone, when there is no conflict in the extrinsic
  evidence, or a determination was made based on incompetent evidence. But
  when, as here, ascertaining the intent of the parties at the time the contract was
  executed depends on the credibility of extrinsic evidence, that credibility
  determination and the interpretation of the contract are questions of fact that
  may properly be resolved by the jury." (*City of Hope National Medical Center
  v. Genentech, Inc.* (2008) 43 Cal.4th 375, 395 [75 Cal.Rptr.3d 333, 181 P.3d
  142], footnote and internal citations omitted.)

- California courts apply an objective test to determine the intent of the parties:

114

(Pub. 1283)

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637,
www.lexisnexis.com/bookstore, for public and internal court use.

"In interpreting a contract, the objective intent, as evidenced by the words of the contract is controlling. We interpret the intent and scope of the agreement by focusing on the usual and ordinary meaning of the language used and the circumstances under which the agreement was made." (*Lloyd's Underwriters v. Craig & Rush, Inc.* (1994) 26 Cal.App.4th 1194, 1197–1198 [32 Cal.Rptr.2d 144], internal citations omitted.)

### Secondary Sources

1 Witkin, Summary of California Law (10th ed. 2005) Contracts, §§ 741–743

13 California Forms of Pleading and Practice, Ch. 140, *Contracts*, § 140.32 (Matthew Bender)

27 California Legal Forms, Ch. 75, *Formation of Contracts and Standard Contractual Provisions*, § 75.15 (Matthew Bender)

2 Matthew Bender Practice Guide: California Contract Litigation, Ch. 21, *Asserting a Particular Construction of Contract*, 21.04[2][b], 21.14[2]

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637. www.lexisnexis.com/bookstore, for public and internal court use.

## 315. Interpretation—Meaning of Ordinary Words

**You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.**

*New September 2003*

### Sources and Authority

- Civil Code section 1644 provides: "The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning; unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed."

- "Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. Such intent is to be inferred, if possible, solely from the written provisions of the contract. The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation. Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning." (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 608 [71 Cal.Rptr.2d 830, 951 P.2d 399], internal citations omitted.)

- "Generally speaking, words in a contract are to be construed according to their plain, ordinary, popular or legal meaning, as the case may be. However, particular expressions may, by trade usage, acquire a different meaning in reference to the subject matter of a contract. If both parties are engaged in that trade, the parties to the contract are deemed to have used them according to their different and peculiar sense as shown by such trade usage and parol evidence is admissible to establish the trade usage even though the words in their ordinary or legal meaning are entirely unambiguous. [Citation.]" (*Hayter Trucking Inc. v. Shell Western E. & P. Inc.* (1993) 18 Cal.App.4th 1, 15 [22 Cal.Rptr.2d 229].)

### Secondary Sources

1 Witkin, Summary of California Law (10th ed. 2005) Contracts, § 745

13 California Forms of Pleading and Practice, Ch. 140, *Contracts*, § 140.32 (Matthew Bender)

27 California Legal Forms, Ch. 75, *Formation of Contracts and Standard Contractual Provisions*, § 75.15 (Matthew Bender)

2 Matthew Bender Practice Guide: California Contract Litigation, Ch. 21, *Asserting a Particular Construction of Contract*, 21.20

116

(Pub. 1283)

This version provided by LexisNexis® Matthew Bender®. Official Publisher, 800-533-1637.
www.lexisnexis.com/bookstore, for public and internal court use.

## 316. Interpretation—Meaning of Technical Words

**You should assume that the parties intended technical words used in the contract to have the meaning that is usually given to them by people who work in that technical field, unless you decide that the parties clearly used the words in a different sense.**

*New September 2003*

### Sources and Authority

- Civil Code section 1645 provides: "Technical words are to be interpreted as usually understood by persons in the profession or business to which they relate, unless clearly used in a different sense."

- A court will look beyond the terms of the writing where it appears that the parties intended to ascribe a technical meaning to the terms used. (*Cooper Companies, Inc. v. Transcontinental Insurance Co.* (1995) 31 Cal.App.4th 1094, 1101 [37 Cal.Rptr.2d 508].)

### Secondary Sources

1 Witkin, Summary of California Law (10th ed. 2005) Contracts, § 745

13 California Forms of Pleading and Practice, Ch. 140, *Contracts*, § 140.32 (Matthew Bender)

27 California Legal Forms, Ch. 75, *Formation of Contracts and Standard Contractual Provisions*, § 75.15 (Matthew Bender)

2 Matthew Bender Practice Guide: California Contract Litigation, Ch. 21, *Asserting a Particular Construction of Contract*, 21.22

(Pub. 1283)

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637.
www.lexisnexis.com/bookstore, for public and internal court use

## 317. Interpretation—Construction of Contract as a Whole

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

*New September 2003*

### Sources and Authority

- Civil Code section 1641 provides: "The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."

- "[T]he contract must be construed as a whole and the intention of the parties must be ascertained from the consideration of the entire contract, not some isolated portion." (*County of Marin v. Assessment Appeals Bd. of Marin County* (1976) 64 Cal.App.3d 319, 324–325 [134 Cal.Rptr. 349].)

- Contracts should be construed as a whole, with each clause lending meaning to the others. Contractual language should be interpreted in a manner that gives force and effect to every clause rather than to one that renders clauses nugatory, inoperative, or meaningless. (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith* (1998) 68 Cal.App.4th 445, 473 [80 Cal.Rptr.2d 329]; *Titan Corp. v. Aetna Casualty and Surety Co.* (1994) 22 Cal.App.4th 457, 473–474 [27 Cal.Rptr.2d 476].)

### Secondary Sources

1 Witkin, Summary of California Law (10th ed. 2005) Contracts, §§ 746–747

13 California Forms of Pleading and Practice, Ch. 140, *Contracts*, § 140.32 (Matthew Bender)

27 California Legal Forms, Ch. 75, *Formation of Contracts and Standard Contractual Provisions*, § 75.15 (Matthew Bender)

2 Matthew Bender Practice Guide: California Contract Litigation, Ch. 21, *Asserting a Particular Construction of Contract*, 21.19

(Pub. 1283)

This version provided by LexisNexis® Matthew Bender®. Official Publisher, 800-533-1637.
www.lexisnexis.com/bookstore, for public and internal court use.

## 318. Interpretation—Construction by Conduct

**In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.**

*New September 2003*

## Sources and Authority

- "In construing contract terms, the construction given the contract by the acts and conduct of the parties with knowledge of its terms, and before any controversy arises as to its meaning, is relevant on the issue of the parties' intent." (*Southern Pacific Transportation Co. v. Santa Fe Pacific Pipelines, Inc.* (1999) 74 Cal.App.4th 1232, 1242 [88 Cal.Rptr.2d 777].)

- This instruction covers the "rule of practical construction." This rule "is predicated on the common sense concept that 'actions speak louder than words.' Words are frequently but an imperfect medium to convey thought and intention. When the parties to a contract perform under it and demonstrate by their conduct that they knew what they were talking about the courts should enforce that intent." (*Crestview Cemetery Assn. v. Dieden* (1960) 54 Cal.2d 744, 754 [8 Cal.Rptr. 427, 356 P.2d 171].)

- "The conduct of the parties after execution of the contract and before any controversy has arisen as to its effect affords the most reliable evidence of the parties' intentions." (*Kennecott Corp. v. Union Oil Co. of California* (1987) 196 Cal.App.3d 1179, 1189 [242 Cal.Rptr. 403].)

- "[T]his rule is not limited to the joint conduct of the parties in the course of performance of the contract. As stated in Corbin on Contracts, 'The practical interpretation of the contract by one party, evidenced by his words or acts, can be used against him on behalf of the other party, even though that other party had no knowledge of those words or acts when they occurred and did not concur in them. In the litigation that has ensued, one who is maintaining the same interpretation that is evidenced by the other party's earlier words, and acts, can introduce them to support his contention.' We emphasize the conduct of one party to the contract is by no means conclusive evidence as to the meaning of the contract. It is relevant, however, to show the contract is reasonably susceptible to the meaning evidenced by that party's conduct." (*Southern California Edison Co. v. Superior Court* (1995) 37 Cal.App.4th 839, 851 [44 Cal.Rptr.2d 227], internal citations omitted.)

### Secondary Sources

1 Witkin, Summary of California Law (10th ed. 2005) Contracts, § 749

13 California Forms of Pleading and Practice, Ch. 140, *Contracts*, § 140.32 (Matthew Bender)

(Pub. 1283)

This version provided by LexisNexis® Matthew Bender®. Official Publisher. 800-533-1637. www.lexisnexis.com/bookstore, for public and internal court use.

**CACI No. 318**                                          CONTRACTS

1 Matthew Bender Practice Guide: California Contract Litigation, Ch. 13, *Attacking or Defending Existence of Contract—Absence of Essential Element*, 13.51

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637.
www.lexisnexis.com/bookstore, for public and internal court use

## 355. Obligation to Pay Money Only

---

**To recover damages for the breach of a contract to pay money, [*name of plaintiff*] must prove the amount due under the contract.**

---

*New September 2003*

### Directions for Use

Read this instruction in conjunction with CACI No. 350, *Introduction to Contract Damages.* If there is a dispute as to the appropriate rate of interest, the jury should be instructed to determine the rate. Otherwise, the judge should calculate the interest and add the appropriate amount of interest to the verdict.

### Sources and Authority

- Civil Code section 3302 provides: "The detriment caused by the breach of an obligation to pay money only, is deemed to be the amount due by the terms of the obligation, with interest thereon."

- Civil Code section 3289 provides:

  (a)   Any legal rate of interest stipulated by a contract remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation.

  (b)   If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach.

  For the purposes of this subdivision, the term contract shall not include a note secured by a deed of trust on real property.

- "The section is part of the original Civil Code and was intended to codify a common-law rule of damages for breach of a contract to pay a liquidated sum. In *Siminoff v. Jas. H. Goodman & Co. Bank,* the court after careful and extensive analysis concluded that section 3302 was not intended to abolish the common-law measure of damages for dishonor of a check. *Hartford,* in reaching the opposite conclusion, failed even to note the common-law rule or the California cases which had followed it, and did not discuss the strong arguments in its favor advanced in the *Siminoff* opinion. The *Hartford* holding on section 3302 no longer applies to the instant problem since section 3320 clearly constitutes 'a legislative recognition that a depositor whose check is wrongfully dishonored may thereby sustain "actual damage" beyond the amount of the check' and thus supersedes the *Hartford* holding on the measure of damages." (*Weaver v. Bank of America National Trust & Savings Assn.* (1963) 59 Cal.2d 428, 436, fn. 11 [30 Cal.Rptr. 4, 380 P.2d 644], internal citations omitted.)

174                                                                (Pub. 1283)

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637.
www.lexisnexis.com/bookstore, for public and internal court use.

*Secondary Sources*

1 Witkin, Summary of California Law (10th ed. 2005) Contracts, § 908

1 Matthew Bender Practice Guide: California Contract Litigation, Ch. 7, *Seeking or Opposing Damages in Contract Actions*, 7.04[7][a]

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637.
www.lexisnexis.com/bookstore, for public and internal court use

## 2300.  Breach of Contractual Duty to Pay a Covered Claim—Essential Factual Elements

[*Name of plaintiff*] **claims that** [*name of defendant*] **breached its duty to pay** [**him/her/it**] **for a loss covered under an insurance policy. To establish this claim,** [*name of plaintiff*] **must prove all of the following:**

1. **That** [*name of plaintiff*] **suffered a loss,** [**all or part of**] **which was covered under an insurance policy with** [*name of defendant*]**;**

2. **That** [*name of defendant*] **was notified of the loss** [**as required by the policy**]**; and**

3. **The amount of the covered loss that** [*name of defendant*] **failed to pay.**

*New September 2003*

### Directions for Use

The instructions in this series assume the plaintiff is the insured and the defendant is the insurer. The party designations may be changed if appropriate to the facts of the case.

This instruction is intended for first party coverage claims. Use the bracketed language in element 2 if the jury is required to resolve a factual dispute over whether the manner in which the insurer received notice conformed to the policy requirements for notice. For a claim arising under an insurance binder rather than an issued policy, see CACI No. 2301, *Breach of Insurance Binder—Essential Factual Elements*. If the policy at issue has been lost or destroyed, read CACI No. 2305, *Lost or Destroyed Insurance Policy*. For instructions on general breach of contract issues, see the Contracts series (CACI No. 300 et seq.).

### Sources and Authority

- "Wrongful failure to provide coverage or defend a claim is a breach of contract." (*Isaacson v. California Insurance Guarantee Assn.* (1988) 44 Cal.3d 775, 791 [244 Cal.Rptr. 655, 750 P.2d 297].)

*Secondary Sources*

Croskey et al., California Practice Guide: Insurance Litigation (The Rutter Group) ¶¶ 15:52, 15:924

2 California Liability Insurance Practice: Claims & Litigation (Cont.Ed.Bar) General Principles of Contract and Bad Faith Actions, §§ 24.2, 24.23

6 Levy et al., California Torts, Ch. 82, *Claims and Disputes Under Insurance Policies*, § 82.50[2][c] (Matthew Bender)

26 California Forms of Pleading and Practice, Ch. 308, *Insurance* (Matthew Bender)

(Pub. 1283)

This version provided by LexisNexis Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use.

**CACI No. 2300**                                    **INSURANCE LITIGATION**

12 California Points and Authorities, Ch. 120, *Insurance*, §§ 120.83, 120.90, 120.115 (Matthew Bender)

This version provided by LexisNexis® Matthew Bender®, Official Publisher. 800-533-1637.
www.lexisnexis.com/bookstore, for public and internal court use.

# 1-3C California Forms of Jury Instruction MB300C.92

*California Forms of Jury Instruction* > *CHAPTER 3C Matthew Bender Contract Party Instructions* > *PART E. ADDITIONAL PARTIES*

**MB300C.92 Assignee** ⁎

#### [1] Instruction

**Assignee**

**[** *PLAINTIFF'S/DEFENDANT'S*
**] PROPOSED INSTR. NO. _____**

**An assignee is a person to whom a party to a contract transfers [his/her/its] rights under the contract. The assignee stands in the shoes of the party who transferred the rights. In this case, Plaintiff is the assignee of the contract rights of _____ [** *name of assignor* **].**

*Authorities:* *Cockerell v. Title Ins. & Trust Co. (1954) 42 Cal.2d 284, 291, 267 P.2d 16*; *Greco v. Oregon Mut. Fire Ins. Co. (1961) 191 Cal.App.2d 674, 683, 12 Cal.Rptr. 802*.

#### [2] Use of Instruction

This instruction should be used when an assignee is the plaintiff in an action to enforce a contract.

#### [3] Comment

An **_assignment_** must be "a manifestation to another by the owner of the right indicating his intention to transfer without further action or manifestation of intention, the right to such other person, or to a third person" [*Cockerell v. Title Ins. & Trust Co. (1954) 42 Cal.2d 284, 291, 267 P.2d 16*]. It may be oral, except when a writing is expressly required by statute [*Civ. Code § 1052*]; or it may be implied by the parties' conduct [*Greco v. Oregon Mut. Fire Ins. Co. (1961) 191 Cal.App.2d 674, 683, 12 Cal.Rptr. 802*].

California Forms of Jury Instruction
Copyright 2014, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

---

⁎ John F. Wells and Lise A. Pearlman were the original authors of this chapter. It has since been updated to reflect changes in the law, additional case citations and practice pointers by other lawyers as well as revisions including cross-references to the official CACI instructions.

Samrah Mahmoud

3 Fed. Jury Prac. & Instr. § 102:73 (6th ed.), 3 Fed. Jury Prac. & Instr. § 102:73 (6th ed.)

FED-JI § 102:73, 3 Fed. Jury Prac. & Instr. § 102:73 (6th ed.)

Federal Jury Practice And Instructions
Civil
Database updated February 2014
Kevin F. O'Malley , Jay E. Grenig , Hon. William C. Lee
Part V. General Instructions for Federal Civil Cases
Chapter 102. Instructions During a Civil Trial
F. Judge's Comments

§ 102:73. Judge's comments on certain evidence

The law permits a federal judge to comment to the jury on the evidence in a case. These comments are only expressions of my opinion as to the facts and you may disregard them entirely. You are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow my instructions about the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in this case.

**NOTES**

*In General*

Judges have the authority to comment fairly and impartially on the evidence. Quercia v. United States, 289 U.S. 466, 469, 53 S.Ct. 698, 699, 77 L.Ed. 1321, 1322 (1933). See generally Wright & Graham, Federal Practice and Procedure: Evidence §§ 5082 to 5087. See also Christensen, Comment on the Evidence as Vital Part of the Common Law Charge to the Jury, 44 F.R.D. 310 (1968); Holtzoff, The Right of a Judge to Comment on the Evidence in His Charge to the Jury, 6 F.R.D. 317, 321 (1947).

However, midtrial comments on the weight of evidence and the credibility of witnesses are a dubious undertaking. Wright & Graham, Federal Practice and Procedure: Evidence § 5085. But see United States v. Duncan, 919 F.2d 981, 989 (5th Cir.1990) (court seems to approve impromptu mid-trial remark as proper exercise of comment power). If it is necessary to give the jury some early advice on how to assess the credibility of witnesses, this can be done by a set of instructions that are not aimed at any particular witness. Wright & Graham, Federal Practice and Procedure: Evidence § 5085. See, e.g., United States v. Murdock, 290 U.S. 389, 393-96, 54 S.Ct. 223, 224-26, 78 L.Ed. 381 (1933), overruled on other grounds, Murphy v. Waterfront Comm'n of New York Harbor, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964); Quercia v. United States, 289 U.S. 466, 470, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1933); Horning v. Dist. of Columbia, 254 U.S. 135, 137-38, 41 S.Ct. 53, 54, 65 L.Ed. 185 (1920); Allis v. United States, 155 U.S. 117, 123-24, 15 S.Ct. 36, 38-39, 39 L.Ed. 91 (1894); Starr v. United States, 153 U.S. 614, 624-26, 14 S.Ct. 919, 922-23, 38 L.Ed. 841 (1894); Simmons v. United States, 142 U.S. 148, 150-51, 155, 12 S.Ct. 171, 172-73, 35 L.Ed. 968 (1891); United States v. Philadelphia & Reading R. Co., 123 U.S. 113, 114, 8 S.Ct. 77, 77, 31 L.Ed. 138 (1887). See United States v. Tracy, 12 F.3d 1186, 1201 (2d Cir.1993); Hance v. United States, 299 F.2d 389, 399-401 (8th Cir.1962); Henry v. United States, 186 F.2d 521, 523 (9th Cir.1951), cert. denied, 341 U.S. 915, 71 S.Ct. 735, 95 L.Ed. 1350 (1951).

The power of the judge to comment on the evidence is conditional on the judge's instructing the jurors they are to determine for themselves the weight of the evidence and the credit to be given to the witnesses, and they are not bound by the judge's summation or comment. Wright & Graham, Federal Practice and Procedure: Evidence § 5085. See United States v. Natale, 526 F.2d 1160, 1167 (2d Cir.1975); United States v. Musgrave, 444 F.2d 755 (5th Cir.), cert. denied, 414 U.S. 1023, 94 S.Ct. 447, 38 L.Ed.2d 315 (1973).

Although instructing the jury it is free to ignore the court's comments on the evidence has been held to be curative of possible prejudice (United States v. Nashawaty, 571 F.2d 71, 76 (1st Cir.1978)), the giving of the instruction does not cure improper comments. See Quercia v. United States, 289 U.S. 466, 470, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1933); Harding v. United States

3 Fed. Jury Prac. & Instr. § 102:73 (6th ed.), 3 Fed. Jury Prac. & Instr. § 102:73 (6th ed.)

335 F.2d 515, 517 (9th Cir.1964); Blunt v. United States, 244 F.2d 355, 365-66, 100 U.S.App.D.C. 266, 276-77 (D.C.Cir.1957). Cf. United States v. Filani, 74 F.3d 378, 386 (2d Cir.1996) (instructions will not cure prejudice where judge improperly interrogates a witness in a criminal case).

On a claim of error arising out of allegedly improper statements made by a trial judge in the presence of the jury, a court of appeals reviews the entire record, and not just the judge's individual comments. Muth v. Ford Motor Co., 461 F.3d 557, 567 (5th Cir.2006), rehearing and rehearing en banc denied. Even when conduct by a trial judge is inappropriate, a court of appeals will not reverse unless the conduct so permeates proceedings that it impairs substantial rights and casts doubt on jury's verdict. Muth v. Ford Motor Co., 461 F.3d 557, 567 (5th Cir.2006), rehearing and rehearing en banc denied.

A judge's inclusion of an example of a suggestive mark cited by a trial witness in a trademark infringement suit did not constitute an improper comment on the evidence or an unfair endorsement of trial testimony of that witness in part or in its entirety. B & B Hardware, Inc. v. Hargis Industries, Inc., 252 F.3d 1010, 1013 (8th Cir.2001).

See § 10:01, Preliminary Instructions at the Beginning of a Criminal Trial; § 11:06, Court's Comments on Certain Evidence; § 12:01, Introduction to the Final Charge—Province of the Court and of the Jury; § 101:10, Province of Judge and Jury.

*Eighth Circuit*

### 3.02. EXPLANATORY: JUDGE'S OPINION

I have not intended to suggest what I think your verdict[s] should be by any of my rulings or comments during the trial.

[During this trial I have asked some questions of witnesses. Do not try to guess my opinion about any issues in the case based on the questions I asked.]¹

**Notes on Use**

1. Use only if judge has asked questions during the course of the trial.

8th Cir. Civil Jury Instr. § 3.02 (2013).

ᵃ       Greensfelder, Hemker & Gale, P.C., Saint Louis, Missouri.

ᵇ       Professor of Law, Marquette University School of Law.

ᶜ       Judge, United States District Court, Northern District of Indiana.

Westlaw. © 2014 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

### 3.1  DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### 3.1A  CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

*Approved 12/2012*

69

### 3.2  COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

### 3.2A   READBACK OR PLAYBACK

#### Comment

If during jury deliberations a request is made by the jury or juror for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with legal counsel that a readback should be allowed, the committee recommends the following admonition be given in open court with both sides and the defendant present:

> Because a request has been made for a [readback] [playback] of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors.  The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony.  Your recollection and understanding of the testimony controls.  Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

In *United States v. Newhoff*, 627 F.3d 1163 (9th Cir. 2010), the court underscored the need to take certain precautionary steps when an excerpt or entire testimony of a witness is requested by a deliberating jury.  The court endorsed the "general rule" that when such a request is made and the trial court, in exercising its discretion, grants the request after consultation with the parties, it should require the jury to hear the readback in open court, with counsel for the parties and the defendant present after giving the admonition set out above, unless the defendant has waived the right to be present.

*Approved 12/2012*

### 3.3  RETURN OF VERDICT

A verdict form has been prepared for you.  [*Any explanation of the verdict form may be given at this time.*]  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

### Comment

The judge may also wish to explain to the jury the particular form of verdict being used and just how to "advise the court" of a verdict.

CACI 5012, Judicial Council Of California Civil Jury Instruction 5012

Judicial Council Of California Civil Jury Instructions
Database updated March 2014
By the Judicial Council of California Advisory Committee on Civil Jury Instructions
Concluding Instructions

5012 Introduction to Special Verdict Form

I will give you [a] verdict form[s] with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form[s] carefully. You must consider each question separately. Although you may discuss the evidence and the issues to be decided in any order, you must answer the questions on the verdict form[s] in the order they appear. After you answer a question, the form tells you what to do next. All of you must deliberate on and answer each question.   Your verdict must be unanimous.

When you have finished filling out the form[s], your presiding juror must write the date and sign it at the bottom [of the last page] and then notify the [bailiff/clerk/court attendant] that you are ready to present your verdict in the courtroom.

*New September 2003; Revised April 2004, October 2008, December 2009*

**Directions for Use**

If this instruction is read, do not read the sixth paragraph of CACI No. 5009, Predeliberation Instructions.

**Sources and Authority**

• Code of Civil Procedure section 624 provides: "The verdict of a jury is either general or special. A general verdict is that by which they pronounce generally upon all or any of the issues, either in favor of the plaintiff or defendant; a special verdict is that by which the jury find the facts only, leaving the judgment to the Court. The special verdict must present the conclusions of fact as established by the evidence, and not the evidence to prove them; and those conclusions of fact must be so presented as that nothing shall remain to the Court but to draw from them conclusions of law."

• Code of Civil Procedure section 625 provides: "In all cases the court may direct the jury to find a special verdict in writing, upon all, or any of the issues, and in all cases may instruct them, if they render a general verdict, to find upon particular questions of fact, to be stated in writing, and may direct a written finding thereon. In all cases in which the issue of punitive damages is presented to the jury the court shall direct the jury to find a special verdict in writing separating punitive damages from compensatory damages. The special verdict or finding must be filed with the clerk and entered upon the minutes. Where a special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court must give judgment accordingly."

• "A special verdict presents to the jury each ultimate fact in the case, so that 'nothing shall remain to the Court but to draw from them conclusions of law.' This procedure presents certain problems: ' "The requirement that the jury must resolve every controverted issue is one of the recognized pitfalls of special verdicts. '[T]he possibility of a defective or incomplete special verdict, or possibly no verdict at all, is much greater than with a general verdict that is tested by special findings ....' " ' With a special verdict, we do not imply findings on all issues in favor of the prevailing party, as with a general verdict. The verdict's correctness must be analyzed as a matter of law." (Trujillo v. North County Transit Dist. (1998) 63 Cal.App.4th 280, 285 [73 Cal.Rptr.2d 596], internal citations omitted.)

Judicial Council Of California Civil Jury Instruction 5012, Judicial Council Of California...

• "When a jury is composed of 12 persons, it is sufficient if *any* nine jurors arrive at each special verdict, regardless of the jurors' votes on other special verdict questions." (Keener v. Jeld-Wen, Inc. (2009) 46 Cal.4th 247, 255 [92 Cal.Rptr.3d 862, 206 P.3d 403], original italics.)

• "Appellate courts differ concerning the use of special verdicts. In one case the court said, 'we should utilize opportunities to force counsel into requesting special verdicts.' In contrast, a more recent decision included the negative view: 'Toward this end we advise that special findings be requested of juries only when there is a compelling need to do so. Absent strong reason to the contrary their use should be discouraged.' Obviously, it is easier to tell after the fact, rather than before, whether the special verdict is helpful in disclosing the jury conclusions leading to the end result." (All-West Design, Inc. v. Boozer (1986) 183 Cal.App.3d 1212, 1221 [228 Cal.Rptr. 736], internal citations omitted.)

• "[W]e begin with the requirement that at least nine of twelve jurors agree that each element of a cause of action has been proved by a preponderance of the evidence. The elements of a cause of action constitute the essential or ultimate facts in a civil case comparable to the elements of a single, discrete criminal offense in a criminal case. Analogizing a civil 'cause of action' to a single, discrete criminal offense, and applying the criminal law jury agreement principles to civil law, we conclude that jurors need not agree from among a number of alternative acts which act is proved, so long as the jurors agree that each element of the cause of action is proved." (Stoner v. Williams (1996) 46 Cal.App.4th 986, 1002 [54 Cal.Rptr.2d 243, footnote omitted.)

• "In civil cases in which there exist multiple causes of action for which multiple or alternative acts could support elements of more than one cause of action, possible jury confusion could result as to whether a specific cause of action is proved. In those cases, … we presume that jury instructions may be appropriate to inform the jury that it must agree on specific elements of each specific cause of action. Yet, this still does not require that the jurors agree on exactly how each particular element of a particular cause of action is proved." (*Stoner, supra,* 46 Cal.App.4th at p. 1002.)

• "[A] juror who dissented from a special verdict finding negligence should not be disqualified from fully participating in the jury's further deliberations, including the determination of proximate cause. The jury is to determine all questions submitted to it, and when the jury is composed of twelve persons, each should participate as to each verdict submitted to it. To hold that a juror may be disqualified by a special verdict on negligence from participation in the next special verdict would deny the parties of 'the right to a jury of 12 persons deliberating on all issues.' Permitting any nine jurors to arrive at each special verdict best serves the purpose of less-than-unanimous verdicts, overcoming minor disagreements and avoiding costly mistrials. Once nine jurors have found a party negligent, dissenting jurors can accept the finding and participate in determining proximate cause just as they may participate in apportioning liability, and we may not assume that the dissenting jurors will violate their oaths to deliberate honestly and conscientiously on the proximate cause issue." (Resch v. Volkswagen of America, Inc. (1984) 36 Cal.3d 676, 682 [205 Cal.Rptr. 827, 685 P.2d 1178], internal citations omitted.)

### *Secondary Sources*

7 Witkin, California Procedure (5th ed. 2008) Trial, §§ 342–346

4 California Trial Guide, Unit 91, *Jury Deliberations and Rendition of Verdict*, § 91.21 (Matthew Bender)

27 California Forms of Pleading and Practice, Ch. 318, *Judgments*, § 318.49 (Matthew Bender)

28 California Forms of Pleading and Practice, Ch. 326A, *Jury Verdicts*, § 326A.11 et seq. (Matthew Bender)

1 Matthew Bender Practice Guide: California Trial and Post-Trial Civil Procedure, Ch. 18, *Jury Verdicts*, 18.11 et seq.

### WEST'S EDITORIAL REFERENCES

Judicial Council Of California Civil Jury Instruction 5012, Judicial Council Of California...

**Direct References:**

See BAJI 15.51, 15.52

**Statutory References:**

Civ. Proc. Code, §§ 624, 625

**Library References:**

Cal. Jur. 3d, Trial §§ 130, 131

**Research References:**

West's Key Number Digest, Trial 217, 352.1(.5)
C.J.S., Trial §§ 552, 553, 818, 928, 957 to 975

© 2014 by the Judicial Council of California. All rights reserved. See front matter for a listing of Judicial Council Task Force and Advisory Committee members who have contributed to these jury instructions.

 © 2014 Thomson Reuters. No claim to original U.S. Government Works.